# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
_____

WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
(212) 856-9600

June 25, 2025

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
_____
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
_____
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

**BY ACMS**
Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
New York, New York 10007

> Re: *United States of America v. Simmons*, No. 23-7400 (L), No. 23-8062 (2d Cir.) (ALK, RDS, ECL) (argued February 12, 2025)

Dear Ms. Wolfe:

Appellant Ashley Simmons respectfully writes pursuant to Rule 28(j) to inform the Court of the Supreme Court's decision in *Esteras v. United States*, 606 U.S. ---, 2025 WL 1716137 (June 20, 2025). In *Esteras*, the Court held that district courts cannot consider the retributive purpose articulated in 18 U.S.C. § 3553(a)(2)(A) vis-à-vis the underlying offense when revoking supervised release. 2025 WL 1716137, at *6. In doing so, the Court abrogated Second Circuit precedent holding that district courts may consider Section 3553(a)(2)(A) when sentencing a defendant for a VOSR. *See United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006).

In Mr. Simmons's case, the District Court committed plain error when, in the course of sentencing Mr. Simmons to an 18-month term of imprisonment for a supervised release violation, the District Court invoked the need for retribution for his underlying crime. The District Court stated,

> You created an awful lot of harm… You were buying airplane tickets, entertainment tickets, buying them with phony credit cards and then selling them cheaply to people who knew that they were also being part of a criminal enterprise… That's why you're here.

> So the question is… the seriousness of the offense and the sentence to be imposed. To convey respect for the law. It's one of the objectives of sentencing.

(A-251.) The conduct the District Court described when invoking Section 3553(a)(2)(A) was the access device fraud for which Mr. Simmons was convicted in 2009. (A-11, A-28-29.) It is

Morvillo Abramowitz Grand Iason & Anello P. C.

evident that the District Court was *not* describing the conduct underlying the revocation of supervised release: (1) the making of fraudulent loan applications, and (2) unauthorized travel. (SR-4-11.)

This error affected Mr. Simmons's substantial rights because it led the District Court to impose a sentence at the top of the Guidelines range of 12-18 months, notwithstanding counsel's request to sentence Mr. Simmons at the low end. (A-252, A-244.) *United States v. Sanchez*, 773 F.3d 389, 392-93 (2d Cir. 2014). The error "seriously affects the fairness, integrity, or public reputation of judicial proceedings" for the same reason. *Id.*

This Court should, at minimum, remand for resentencing.

Respectfully submitted,

*/s/ Brian A. Jacobs*

Brian A. Jacobs
Chloe Lewis